UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | 3:13-CR-102 |
| : | |
| **v.** : | |
| : | (JUDGE MANNION) |
| **CHRISTOPHER GAYTON,** : | |
| **Defendant** : | |

### MEMORANDUM

**I.   PROCEDURAL BACKGROUND**

On June 15, 2020, defendant Christopher Gayton, residing in Astoria, New York, filed, *pro se*, a Motion for Early Termination of Supervised Release under 18 U.S.C. §3583(e)(1), related to his 4-year term. (Doc. 422). In particular, Gayton seeks the court, pursuant to its discretionary authority, to immediately terminate his remaining approximate three years of supervised release since he allegedly satisfactorily completed one year of his term.

On July 6, 2020, the court directed the government to respond to Gayton's motion. (Doc. 428).

On July 14, 2020, the government filed its brief in opposition to Gayton's motion. (Doc. 429). The government contends that Gayton has failed to allege any extraordinary conduct or changed circumstances to

1

warrant an early termination of his supervised release which will not expire until March 23, 2023.

No timely reply brief was filed.

After considering Gayton's motion, it will be denied and his remaining term of supervised release will not be disturbed.

## II.  FACTUAL DISCUSSION

On May 21, 2013, Gayton was indicted by a Federal Grand Jury regarding his involvement in a drug trafficking conspiracy. (Doc. 60). On October 10, 2013, Gayton pled guilty to Count 1 of the Indictment, namely, Conspiracy to Distribute and Possess with Intent to Distribute More Than 100 Grams of Heroin, in Excess of 500 Grams of Cocaine, in Excess of 28 Grams of Cocaine Base, and MDMA, in violation of 21 U.S.C. §846.

On April 21, 2014, the court sentenced Gayton to a 57-month term of imprisonment, followed by four years of supervised release. (Doc. 311). Upon completion of his prison sentence, Gayton commenced his four year term of supervised release on May 24, 2019, in the Middle District of Pennsylvania. On September 10, 2019, Gayton's supervision was transferred to the Eastern District of New York, where it presently remains.

Gayton's term of supervised release will expire on March 23, 2023. With about two years and seven months still remaining on his term, Gayton seeks the court to grant his motion for early termination of supervised release simply because he has served one year of supervised release.

## III.    DISCUSSION

The court has jurisdiction over Gayton's motion under 18 U.S.C. §3231.

The Third Circuit, in United States v. Davies, 746 Fed.Appx. 86, 88-89 (3d Cir. 2018), discussed a motion to terminate supervised release and explained:

> Section 3583(e) of title 18 authorizes the sentencing court to terminate a term of supervised release prior to its expiration. *See* Burkey v. Marberry, 556 F.3d 142, 146 n. 3 (3d Cir. 2009) (citing United States v. Lussier, 104 F.3d 32, 34-35 (2d Cir. 1997)). The defendant must have served one year of supervised release and the sentencing court must determine that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §3583(e)(1). Section 3583(e)(1) directs the sentencing court to consider the factors set forth in 18 U.S.C. §3553(a), which are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a)(1), (2)(B)-(D) & (4)-(7). *See also* Fed. R. Crim. P. 32.1 (establishing procedures pursuant to which sentencing court may modify the conditions of defendant's supervised release).

Further, "[t]he decision whether to terminate or modify a term of supervised release is a discretionary one." *Id.* at 89 (citation omitted).

3

"Generally, early termination of supervised release under §3583(e)(1) should occur only when the sentencing judge is satisfied that 'new or unforeseen circumstances' warrants it." *Id.* (citation omitted).

As discussed below, Gayton "[has] not show[n] that any conduct of his, new or unforeseen circumstances, or the interest of justice warrant the early termination of his supervision at this time." Davies, 746 Fed.Appx. at 89. In fact, even if Gayton has complied with all of the terms of supervision, and he has not as detailed below, this would not be sufficient. *Id. See also* United States v. Sporrer, 2014 WL 580919, *1 (W.D. Pa. Feb. 13, 2014) ("the [Third Circuit] [ ] [has] held that a defendant's mere compliance with the terms and conditions of supervised release is insufficient to demonstrate extraordinary circumstances which would warrant an early termination of supervised release.") (citations omitted).

The court will now consider the pertinent §3553(a) factors.

Initially, Gayton's instant drug trafficking offense was very serious and involved significant amounts of drugs. Further, as the government asserts, Gayton's criminal activities were "extended and extremely damaging", and "[h]e is not only a recidivist drug dealer, he has a history of returning to drug dealing while on supervision." (Doc. 429 at 2).

Also, with respect to the first factor and Gayton's history, as the government points out, (Doc. 429 at 2), "Gayton has [ ] a documented history of reoffending while serving a term of federal supervised release." Specifically, the government represents Gayton's history as follows:

4

    The Presentence Report (PSR) prepared in connection with Gayton's April 21, 2014 sentencing for the instant offense reveals that, among Gayton's prior convictions, was a prior federal drug conviction; specifically, on September 28, 2005, Gayton was sentenced to a term of imprisonment of 100 months to be followed by a three year term of supervised release, for the offense of Conspiracy to Distribute and Possess With Intent to Distribute Cocaine. *See* Presentence Investigation Report, Paragraph 38. The PSR further reveals that Gayton commenced this prior three year term of supervised release in January of 2011 and was arrested in connection with the instant offense while still serving that prior term of supervised release. *Id.*

    As to the second factor, the court finds that the remaining approximate two years and seven months of Gayton's supervised release are necessary to afford adequate deterrence to his criminal conduct, particularly with his history of recidivism, and to protect the public from further drug activities of the defendant. The court is still concerned about Gayton's propensity to engage in criminal drug activity based on his history.

    Additionally, the government represents that it has contacted Gayton's supervising probation officer in the Eastern District of New York, Probation Officer Jaquita Mitchell, regarding her view on whether his supervised release should be terminated, and "[she] has indicated that Gayton has been a far from perfect supervisee." In particular, Mitchell indicated that one of Gayton's conditions of his supervision is that he attend drug treatment, "[h]owever, Gayton has missed appointments and is presently out of compliance with that condition." (Doc. 429 at 3). Gayton's non-compliance with the terms of his supervised release certainly weighs against early termination.

The court also points out that some of the other defendants sentenced as part of the drug trafficking conspiracy in which Gayton was involved received 4-year terms of supervised release. *See, eg.*, U.S. v. Lowe, 13-cr-102-04, M.D. Pa., Doc. 349.

In short, Gayton has failed to provide the court with sufficient reasons to warrant the early termination of his supervised release.

Finally, since the court declines to modify or terminate the remaining term of Gayton's supervised release, since there have no changes in his circumstances warranting any modification, and since the court has given a detailed explanation for its decision, no hearing is required under Fed.R.Crim.P. 32.1(c)(1).

### IV.    CONCLUSION

Based on the foregoing, Gayton's Motion for Early Termination of Supervised Release under 18 U.S.C. §3583(e)(1), **(Doc. 422)**, will be **DENIED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 22, 2020**
13-102-02